

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2003

# USA v. Mayo

Precedential or Non-Precedential: Non-Precedential

Docket 01-4013

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Mayo" (2003). *2003 Decisions.* Paper 798.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/798

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4013

UNITED STATES OF AMERICA

v.

ANTHONY MAYO,
a/k/a Billy Silks

Anthony Mayo,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 00-cr-00336-2
(Honorable Sylvia H. Rambo)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 14, 2003

Before:  SCIRICA, BARRY and SMITH, Circuit Judges

(Filed: February 14, 2003 )

OPINION OF THE COURT

SCIRICA, *Circuit Judge*.

The defendant, Anthony Mayo, appeals from the judgment of sentence. We will affirm.

## I.

The District Court sentenced Mayo to 276 months imprisonment after he pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Mayo appeals from the sentence on two grounds. First, Mayo asks that his sentence be vacated and the matter be remanded to allow him to make objections to the pre-sentence report. Second, Mayo claims the District Court erroneously concluded that his criminal history category did not adequately reflect his past criminal conduct under United States Sentencing Guideline § 4A1.3.[1]

## II.

The pre-sentence report delineated the potential grounds for adjustment in Mayo's sentence, yet no objections were raised. Nor did Mayo make any objections at the sentencing hearing. Therefore, we review for plain error. *United States v. Knobloch*, 131 F.3d 366, 370 (3d Cir. 1997) (providing that issues not raised before the district court are reviewed only for plain error) (citations omitted). Reversal for plain error requires us to find: 1) an error; 2) that is plain; 3) that affects Mayo's substantial rights and 4) that

---

[1]U.S.S.G. § 4A1.3 provides, "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." *Id*.

"seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993).

The transcript of the sentencing hearing reflects that the District Court twice asked Mayo if he had any objections to the pre-sentence report. Following the first inquiry, the Court granted Mayo a half hour recess to confer with his attorney. After Mayo and his attorney returned, the District Court again asked if there were any objections. Neither Mayo nor his attorney objected. On appeal Mayo does not indicate what objections he would like to make.

Mayo argues the District Court failed to determine that his criminal history score significantly under-represented his past criminal conduct. The District Court expressly stated, however, that Mayo's "criminal history category of six significantly under-represents the seriousness of defendant's criminal history." The District Court explained:

> The defendant has a history of violent offenses and has been undeterred by previous terms of incarceration. There is a strong likelihood of recidivism. Defendant has four prior convictions that were not assigned criminal history points for various reasons. He had two juvenile matters for which he admitted guilt but did not receive criminal history points.

U.S.S.G. § 4A1.3(a) provides that "sentences not used in computing the criminal history" may constitute "reliable information" that the defendant's criminal history under-represents the seriousness of the defendant's criminal past. *Id*. The juvenile offenses excluded from the computation of Mayo's criminal history points were "for conduct similar to the instant offense." *United States v. Thomas*, 961 F.2d 1111, 1116 (3d Cir. 1992) (citation omitted). Accordingly, they provided an appropriate basis for an upward

3

departure.  *Id*.  The Commentary provides that the likelihood of recidivism should guide a court's decision to make an upward departure.  U.S.S.G. § 4A1.3, cmt.  Each of the reasons upon which the District Court relied was valid.

## III.

For the foregoing reasons, the judgment of sentence will be affirmed.

---

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
Circuit Judge